HEARD NOVEMBER TERM, 1878.

## Potts *vs.* Bonds.

An order granting a new trial, on the ground that the verdict is unsupported by or
　· contrary to the evidence, cannot bo reversed on an allegation that such conclusion
　was erroneous.

Before MACKEY, J., at Lancaster, August Term, 1877.

Two actions by Louisa A. Potts against William Bonds on two sealed notes.

The defendant pleaded in each case a receipt in full and also a counter claim.   The jury found for the plaintiff in both cases, and the defendant moved for a new trial, and, in support of the motion, relied upon affidavits of newly-discovered evidence.

His Honor made an order that the motion be granted and that the verdict of the jury be set aside.

The plaintiff appealed, on the ground that the affidavits upon which the order was granted disclosed no sufficient ground to entitle the defendant to a new trial.

*DePass & Jones*, for appellant.

*Clark, Allison & Connors*, contra.

February 20, 1879. The opinion of the Court was delivered by

WILLARD, C. J. The order appealed from granted a new trial. We cannot assume from the statements of the brief, or the terms of the order, that the decision of the Circuit Court was based upon the affidavits relating to newly-discovered evidence alone. It was competent for the Circuit Judge to grant a new trial on the ground that the verdict was unsupported by the evidence or clearly contrary to it. Looking at the evidence, we see ground sufficient to exclude from our minds the conclusion that the Circuit Judge confined his attention exclusively to the question of granting a new trial on the ground of newly-discovered evidence. As the Circuit Judge had fully 'before him the question whether the verdict was consistent with the evidence, and as his order granting a new trial was general, we cannot say that he necessarily erred, even if allowing a new trial on the ground of newly-discovered evidence upon the affidavits before him would have been erroneous. An order granting a new trial on the ground that the verdict is unsupported by or contrary to the evidence cannot be reversed in this Court in an allegation that such conclusion was erroneous. Had a new trial been refused on such grounds we could not review such refusal, as we have frequently said, because such a question does not properly involve error of law. The nature of the question is unchanged where it comes up on an appeal from an order granting a new trial. We are equally excluded in both cases from determining the convincing force of the evidence. The motion must be denied and judgment absolute given for the defendants under the stipulation to that effect in the notice of appeal.

*McIver*, A. J., and *Haskell*, A. J., concurred.